IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JOSHUA WATSON, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV614-116 |
| ROBERT TOOLE; JOHN PAUL; WINDELL FOWLER; MILTON SMITH; JANET BREWTON; MADIA WEST; MISS MAGAHA; and MARLENE PARKER, | : | |
| Defendants. | : | |

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. The undersigned has conducted an initial review of Plaintiff's action as required by 28 U.S.C. § 1915A ("Section 1915A") and, for the reasons set forth below, **recommends** that Plaintiff's claims against Defendants "GSP Administration," Milton Smith, Robert Toole, John Paul, and Windell Fowler be **dismissed** and that Plaintiff's requests for declaratory relief and injunctive relief be **denied.** The Court **orders** that a copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants Madia West, Miss Magaha, Marlene Parker, and Janet Brewton. The Court also provides additional instructions herein to Plaintiff and Defendants pertaining to the future litigation of this action which the parties are urged to read and follow.

In civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires the Court to screen the complaint for

cognizable claims before or as soon as possible after docketing. The Court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

In conducting this initial review, the Court must ensure that a prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. However, in determining compliance, the Court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).In addition, the Court is guided by the Eleventh Circuit's opinion in Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In Mitchell, the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts the conditions at Georgia State Prison ("GSP") have caused him "to lose it at times," which he has explained to Defendants Miss Magaha, a mental health doctor; Marlene Parker, a mental health nurse; and Madia West, the Director of the Mental Health Department. (Doc. 1, p. 2.) Plaintiff specifically asserts he has told Defendants Magaha, Parker, and West that he has been forced to be in areas with gang members with whom he had

2

previously fought and who currently want to kill him. (Id.) Plaintiff contends Defendant Janet Brewton, who was the Unit Manager over "A" unit and who is currently the Deputy Warden of Care and Treatment, informed him that he was going to be placed in the G building (which is presumably where these alleged gang members also were housed) whether he liked it or not. (Id.) Plaintiff avers he began cutting himself over a seven (7) day period, and Defendant Brewton told him he would be placed in another building "if [his] behavior improve[d]." (Id.) Plaintiff also avers he has become mentally unstable at times because he has been in a cell with another inmate on a 24-hour a day, indefinite lockdown, which has caused Plaintiff to cut himself and mutilate his arms, legs, and shoulders. (Id.) According to Plaintiff, he has informed Defendants Magaha, Parker, West, and Brewton that he has mutilated himself and will continue to do so if his living situation does not improve, but they have done nothing in response. (Id. at p. 3.)

Plaintiff contends "GSP Administration" uses psychological tactics, such as providing inadequate food portions, disallowing showers and yard time, and refusing to clean the cells, to make inmates lash out against the administration or themselves. (Id. at p. 2.) Plaintiff alleges he has written several grievances about these matters, but Defendant Milton Smith, the Chief Counselor and Grievance Coordinator, has returned his grievances without a grievance number, rejected his grievances, and/or has failed to provide an appeal form. (Id. at pp. 3–4.) Plaintiff contends Defendant Robert Toole, the Warden at GSP, was "informed" but did nothing to help him. (Id. at p. 5.) Plaintiff also contends Defendant John Paul, the Warden of Care and Treatment, was "informed of everything, including torterous (sic) conditions, excessive self mutilation, but did nothing to ensure" Plaintiff's safety and health. (Id.) Finally, Plaintiff contends Defendant Windell Fowler, the Warden of Security, allowed the harsh conditions to

3

occur and "was fully aware every time" Plaintiff cut himself, yet Defendant Fowler did nothing to ensure his safety and health. (Id.) Plaintiff seeks monetary damages, injunctive relief, and a declaratory judgment.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff's claims against "GSP Administration" do not satisfy Rule 8 for the reasons set forth in footnote 1 and because Plaintiff has not shown that "GSP Administration" is a "person" within the meaning of § 1983.

Further, Plaintiff's claims regarding the general conditions of his confinement are not related to his deliberate indifference claims. The Court will not allow the joinder of unrelated claims. FED. R. CIV. P. 20(a) (a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."). Any of Plaintiff's claims against "GSP Administration" should be **dismissed**.[1]

---

[1] Plaintiff submitted two (2) affidavits in support of his Complaint. (Docs. 6, 7.) Plaintiff's affidavits either set forth allegations which are not related to his deliberate indifference claims, see FED. R. CIV. P. 20(a), or appear to be set forth on behalf of his fellow inmates. "An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts. . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others." Walker v. Brown, No. CV 112-105, 2012 WL 4049438, at *1 (S.D. Ga. Aug. 14, 2012) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se prisoner may not litigate the interests of other prisoners in class action)), report and recommendation adopted by No. CV 112-105, 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012).

Moreover, alleged transgressions involving grievance procedures do not give rise to stand-alone claims under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam); see also, Baker v. Rexroad, 159 F. App'x 61 (11th Cir. 2005) (finding that inmates neither have a liberty interest in an investigation based upon their inmate grievance, nor a liberty interest in the inmate grievance system). Further, "[t]here is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz v. Campbell, 64 F. Supp.2d 721, 731 (W.D. Tenn. 1999). Accordingly, Plaintiff's assertions that Defendant Wilson did not provide grievance numbers, rejected his grievance, or failed to provide him with appeal forms are not cognizable under section 1983.[2] Plaintiff's claims against Defendant Milton Smith should be **dismissed**.

Additionally, in section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged

---

[2] The undersigned notes Plaintiff's assertion that he was denied grievance appeal form does not set forth a viable constitutional violation. Rather, this assertion would only speak to whether Plaintiff exhausted his available administrative remedies. See Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008) (noting the plaintiff's assertion that prison officials denied him access to grievance forms raised a genuine issue of material fact about whether administrative remedies were available to the plaintiff).

deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). Plaintiff's allegations against Defendants Toole, Paul, and Fowler fail to set forth any facts indicating that these Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights or that any of these Defendants directed their subordinates to violate Plaintiff's constitutional rights. Instead, Plaintiff's allegations against Defendants Toole, Paul, and Fowler reveal nothing more than allegations against them in their supervisory positions.

In addition, Plaintiff's claims against Defendants Toole, Paul, and Fowler are based on conclusory statements, which also are insufficient bases for liability under section 1983. "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. Plaintiff's claims against Defendants Toole, Paul, and Fowler, which are comprised of conclusory statements, should be **dismissed**.

Plaintiff has requested that this Court enter a preliminary and permanent injunction against Defendants. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied all four (4) of the prerequisites in order to be entitled to an injunction. Specifically, Plaintiff has failed to show that he has a substantial likelihood of success on the merits of his surviving claims. Plaintiff's request for injunctive relief should be **denied**.

Plaintiff also requests this Court enter a judgment declaring that the acts and omissions of the Defendants violate the Constitution and the laws of the United States. "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction[.]" Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699 (11th Cir. 2011) (quoting Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989)). A party who is

seeking to invoke the court's jurisdiction "must show: '(1) that [he] personally [has] suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.'" Am. Ins. Co. v. Evercare Co., 430 F. App'x 795, 798 (11th Cir. 2011) (quoting GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (internal citation and punctuation omitted). Plaintiff has not shown that he is likely to receive a favorable decision in this case. Instead, and as noted below, Plaintiff has merely set forth an arguable claim for relief. Plaintiff's request for a declaratory judgment should also be **denied**.

However, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)).

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants West, Magaha, Parker, and Brewton for alleged violations of the Eighth Amendment. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants West, Magaha, Parker, and Brewton by the United States Marshal without prepayment of cost. If any Defendant

elects to file a Waiver of Reply, then she must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's local rules.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes

to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq*. Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or

organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c), 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is

<u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 26th day of February, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA