IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOSHUA WATSON,

    Plaintiff,

v.

JANET BREWTON; MADIA WEST; MISS MAGAHA; and MARLENE PARKER,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-116

## O R D E R

This matter is before the Court on Defendants' Motion to Stay Proceedings. (Doc. 14.) In their Motion, Defendants request that the Court stay all discovery and discovery related activities pending a ruling on Defendants' Motion to Dismiss. After careful consideration and for the reasons set forth below, Defendants' Motion is **GRANTED**. In addition, the Court provides instructions to Plaintiff regarding Defendants' Motion to Dismiss which Plaintiff is urged to follow.

Plaintiff filed a complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1) On March 19, 2015, Defendants Janet Brewton, Madia West, Delaine Magaha,[1] and Marlene Parker filed a pre-answer Motion to Dismiss. (Doc. 15) The Court finds that good cause exists to stay discovery until such time as a ruling is made on Defendants' Motion to Dismiss and that no prejudice will accrue to the parties if Defendants' request is granted.

---

[1] In their Motion to Stay and Motion to Dismiss, Defendants have corrected the name of Miss Magaha. Accordingly, the Clerk is **AUTHORIZED** and **DIRECTED** to change the name of Defendant Miss Magaha to Delaine Magaha upon the docket and record of this case

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendants' Motion to Dismiss. This ruling does not affect Plaintiff's obligation to file a response to Defendants' Motion to Dismiss.

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on the Motion to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by her failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[2] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

---

[2] Local Rule 7.5 states,

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion</u>.

(emphasis added).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motion for a dismissal or to inform the court of his decision not to oppose Defendants' motion within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendants' motion, the Court will determine that Plaintiff does not oppose the motion. See Local Rule 7.5.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

Additionally, the Court notes and Defendants point out in their Motion to Stay that Plaintiff's mail has been returned to the Court undeliverable. It appears that Plaintiff is no longer incarcerated at Georgia State Prison. Since his apparent release from Georgia State Prison, Plaintiff has not provided the Court with a current address, and several pieces of mail from the Court addressed to Plaintiff at Georgia State Prison have been returned undeliverable due to his release. (Docs. 11, 19, 20.) The Court in its November 3, 2014 Order advised Plaintiff of his responsibility to immediately inform the Court of any change of address during the pendency of this action and that failure to do so could result in the dismissal of the case. (Doc. 3.)

Therefore, Plaintiff is DIRECTED to immediately inform this Court and defense counsel of his current mailing address. Plaintiff is again advised that failure to comply with any of the requirements set forth in this Order may result in the dismissal of this action.

**SO ORDERED**, this 12th day of June, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA